Statement of the case.

BENJAMIN E. BRISTER ET AL., USE, ETC., *v.* ILLINOIS CENTRAL
RAILROAD COMPANY.

1. INSTRUCTIONS. *Erroneous. When not harmless. Conflicting evidence.*

Erroneous instructions, calculated to mislead the jury, are not
harmless where the testimony would support a verdict for either
party.

2. SAME. *Railroads. Fires. Contributory negligence. Insurance.*

In a suit brought by the owner of property destroyed by fire for
the use of insurance companies, subrogated to the owner's
rights, against a railroad company for negligently causing the
fire, where the testimony would support a verdict for either
party, instructions for the defendant are erroneous:

(*a*) Which authorize a finding on only a part of the evidence, ig-
noring the balance; or

(*b*) Which assume the negligence of the owner, the evidence being
conflicting on the subject; or

(*c*) Which, propounding the plaintiff's contributory negligence as
a defense, omit from the conception of it the element of proxi-
mate cause; or

(*d*) Which, propounding said defense, fail to predicate the owner's
contributory negligence of knowledge that there was danger to
be guarded against.

3. SAME.

A railroad company which sets out a fire on its right of way so
near buildings as to endanger them is negligent, if it fail to
guard the fire for the entire time such danger exists.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

Brister and others, appellants, doing business under the name
Brister & Co., who sued for the use of several fire insurance
companies, were the plaintiffs in the court below; the railroad
company, appellee, was defendant there. From a judgment in
defendant's favor the plaintiffs appealed to the supreme court.

Brister and others, plaintiffs, owned a large saw and plan-

ing mill, situated on the west side of the tracks of the Illinois Central Railroad, at Bogue Chitto. The mill was about fifty feet from the main line, and there were a spur track and some switch tracks next to the mill. On November 5, 1900, this plant was destroyed by fire. Brister & Co. had several fire policies in different insurance companies, aggregating $13,000. The insurance companies paid Brister & Co. the amount of their several policies, and took an assignment of plaintiffs' claim against the railroad company for damages. These several insurance companies were the usees in this suit against the Illinois Central Railroad Company to recover the amount of the damage by fire to the mill plant, it being charged that the fire was caused by the negligence of the employes of said railroad company. The evidence for plaintiff was that the railroad company's section foreman on November 5, 1900, had a number of laborers at work clearing off the tracks and right of way in front of the mill, and that some timbers and trash were piled up and set on fire by these laborers; that there were three fires started near the mill early in the morning, which burned all day. One was started about twenty feet from the corner of the mill where the fire started which burned the mill. It was shown that the fires were burning, and the wind was blowing over the fires towards the mill about eight o'clock at night, and there were no lights about the mill, and no other fire except those on the railroad. The fire occurred between ten and eleven o'clock that night. It was also shown that it was a very dry time, and that the contents of the mill were very inflammable. The fires were examined by an employe of defendant about six o'clock that evening, and they had burned down, and there was, in the opinion of this employe, no danger from them unless there was wind, and the section foreman examined the fires at six o'clock, and in his opinion there was no danger from them at that hour. Brister & Co. had a night watchman, who was on duty at the time of the fire. No one knew how the fire started. The evidence for the defendant contradicted some of the material parts

of the plaintiffs' testimony.   The opinion of the court contains
a further statement of the facts.

*Green & Green,* for appellants.

Conceding for the present that contributory negligence is
properly predicable of the facts in this case; that the same is
properly pleaded, and is based upon evidence, still, would the
jury be warranted in finding a verdict for the defendant as
they are here instructed to do "if Brister & Co., by their neg-
ligence, in any way contributed to the burning, of the prop-
erty?"   Does this accurately describe contributory negligence?
Suppose Brister & Co. had been guilty of negligence which
contributed to the burning, by improperly building or in some
other way, which did not do so as a proximate but as a remote
cause.   Under this instruction the idea of proximate cause is
totally excluded, eliminated; the jury are left to look to any act
of negligence, or what they may be pleased to deem negligence,
however remote, in the chain of causes and visit its effect upon
these appellants.   7 Am. & Eng. Ency. Law (2d ed.), 371; *Rail-
road Co.* v. *Mason,* 51 Miss., 234.

If the sole immediate cause of the injury was the defend-
ant's negligence the plaintiff can recover, notwithstanding pre-
vious negligence of his own.   *The Vicksburg* v. *Jackson R. R.
Co.,* 242, 487; *Kerwhacker* v. *The Cleveland & Cincinnati R.
R. Co.,* 3 Ohio St., 172; *Pittsburg, etc., R. R. Co.* v. *Karnes,*
13 Ind., 87; *Richmond* v. *Sacramento, etc., R. R. Co.,* 18 Cal.,
351; *Stucke* v. *Mil. & Miss. R. R. Co.,* 9 Wis., 202; *Isbell* v.
*New York, etc., R. R. Co.,* 27 Conn., 393; *Railroad Co.* v.
*Patton,* 31 Miss., 193; *Crow* v. *Vermont, etc., R. R. Co.,* 24
Vermont, 494; *Thompson* v. *Duncan,* 67 Ala., 336; *Orleans* v.
*Perry,* 24 Neb., 835.

The instruction is unsound in that it reads, "If they (the
jury) believe from the evidence in the case, or any part thereof,
that Brister & Co., by their negligence, in any way contrib-
uted," etc.

If we read the record aright it does not appear to be an admitted fact in any sense that Brister & Co. were negligent in any regard; on the contrary the evidence shows that such was not the case; that no negligence could be imputed to them, and were it otherwise the duty rested on the jury to find it so upon conflicts in the evidence. *Railway Co.* v. *Phillips,* 70 Miss., 18; *French* v. *Sale,* 63 Miss., 386; *Dunlap* v. *Hearn,* 37 Miss., 471; *Myrick* v. *Wells,* 52 Miss., 149; *McMurtry* v. *Railway Co.,* 67 Miss., 601; *Hickman* v. *Railroad Co.,* 66 Miss., 154; *Meyer* v. *King,* 72 Miss., 9; *Bank* v. *Murdock,* 62 Mo., 73.

The case of *A. & V. Ry. Co.* v. *Aetna Ins. Co.,* 82 Miss., 770, is conclusive on this point, because it denies that contributory negligence is ordinarily predicable of this class of cases.

The fifth instruction for the defendant was most damaging to appellants, and the effect was in part due to an error arising from the failure to insert therein a qualifying phrase, thus: "And that the danger, if any arose subsequent to the inspection, and that the employes of Brister & Co., or the night watchman, who were on duty for Brister & Co., were charged with the duty of extinguishing fires in the service of Brister & Co., and that such employes knew thereof, and so knowing there and then" might have, by the exercise of reasonable care, prevented the burning of Brister & Co.'s property, and failed to do so.

*Mayes & Longstreet* and *J. M. Dickinson,* for appellee.

If the facts of this case submitted a close question for solution, or if the record did not demonstrate that the verdict rendered by the jury below was the only one the jury could have rightfully returned, on the whole evidence of the case, then it might be insisted that some consideration should be given to mere verbal criticisms of the instructions granted by the court.

But we respectfully submit to the court that an examination

of this record will amply show that the case presented was one which would clearly have justified a peremptory instruction in favor of the company.

The testimony for plaintiff does not raise the presumption that the railroad company, through any act of itself or of its agents, caused the burning of the shed or the mill, nor even leave on the mind the impression that the action of the railroad employes in burning off the trash and debris on the right of way was likely to have been the cause of the fire in the mill.

Giving plaintiffs' evidence full credit for all that it proves, or tends to prove, the conclusion is unavoidable that they have failed to make out their case and to answer the burden of proof on them, and that for this reason we are justified in the assertion that the facts of the case would have warranted a peremptory instruction for the defendant.

Of course we recognize the fact that the origin of a fire may be shown by circumstantial evidence, and that when the question of negligence of a railroad company is in question, in this connection, that even any slight circumstance may be offered in evidence. The rule, however, requires that these circumstances, in the aggregate, shall show not a mere possibility that the negligence of the railroad company caused the fire, but must tend to show a reasonable probability that the action of the railroad company was the cause of the origin of the fire.

This proposition finds a fair and forcible statement in the case of *Finkleston* v. *Chicago R. R. Co.*, 94 Wis., 270.

The instructions in this case, few in number and not positive in terms, could have had litttle to do with producing this result. Taken as a whole, they fairly state the law, and the inaccuracies in them, if any, could not have had effect in the face of the overwhelming preponderance of the evidence in favor of the defendant company.

The verdict was manifestly right, and our court has repeatedly held that a verdict manifestly right will not be disturbed because of erroneous instructions. *Wilson* v. *Kolheim*, 46 Miss.,

*346; Storm* v. *Green,* 51 Miss., 103; *Vance* v. *State,* 62 Miss., 137.

WHITFIELD, C. J., delivered the opinion of the court.

There was a verdict in the court below for defendant. The errors insisted on by the plaintiffs (appellants) are chiefly with respect to the instructions given for the defendant. Learned counsel for the defendant insist very earnestly that, though there may be errors in the said instructions, nevertheless the testimony so overwhelmingly shows no liability on the part of defendant that the judgment should be affirmed notwithstanding such errors, if any. We have carefully gone through the entire evidence in the case, and find ourselves unable to concur with counsel for appellee in their view of the force and effect of the testimony as warranting a verdict for defendant. We deem it only necessary to say in respect to the evidence that it is such as not to warrant the interfering with a verdict, whether rendered for the plaintiffs or the defendant, in the absence of errors of law.

Turning to the instructions given to the defendant, we find instruction No. 3, which is in the following words:

"The court instructs the jury for the defendant that the plaintiffs in this case cannot recover unless Brister & Co., under the evidence, could recover; and if they believe from the evidence in the case, or any part thereof, that Brister & Co., by their negligence, in any way contributed to the burning of the property, then they will find for the defendant."

This instruction is fatally erroneous. The jury should have found their verdict on the entire evidence, not upon "any part thereof." It is too obvious for comment that an instruction that tells a jury that they may find their verdict on any part of the testimony is manifestly wrong. The second error in this instruction is that it assumes that Brister & Co. were negligent. The jury are not told if they believe from the evidence that Brister & Co. were guilty of negligence, etc.,

but the language used is this: "If they believe from the evidence in the case, or any part thereof, that Brister & Co. by their negligence," etc. This is a clear assumption that they were negligent. The third respect in which the instruction is erroneous is in telling the jury that they should find for the defendant if they believed the plaintiffs "in any way" contributed to the burning of the property. This is not the correct announcement of the law with respect to contributory negligence. This court has declared in *Railroad Company* v. *Mason,* 51 Miss., 234, that, "to prevent a recovery, the plaintiffs' negligence must proximately contribute to the injury," and that, "if the sole immediate cause of the injury was the defendant's negligence, the plaintiff can recover, notwithstanding previous negligence of his own." This principle is supported by many authorities cited in brief of learned counsel for appellants. In *Railroad Co.* v. *Patton,* 31 Miss., 193, 66 Am. Dec., 552, the court say: "It may therefore be considered as settled law that, though there be negligence or fault on the part of the plaintiff remotely connected with the injury, yet if, at the time the injury was done, it might have been avoided by the exercise of reasonable care, prudence and skill on the part of defendant, the plaintiff may maintain his action for the injury." It would be useless to add to the many authorities directly in point collated in brief of counsel. The principle is that the negligence of plaintiff, to constitute contributory negligence, must be such negligence as directly and proximately contributed to the infliction of the injury. It is perfectly obvious, therefore, that this instruction is in three respects fatally erroneous.

The fifth instruction for the defendant is as follows:

"The court instructs the jury, for the defendant, that if they believe from the evidence that the employes of the defendant inspected the fire after six o'clock P.M. of the day preceding the fire, and that at this time there reasonably appeared to be no danger therefrom, and that there was no danger therefrom, and that the danger, if any, arose subsequently

to the inspection, and that the employes of Brister & Co., or the night watchman, might have, by the exercise of reasonable care, prevented the burning of Brister & Co.'s property, then the jury will find for the defendant."

This instruction limits the care to be taken by the railroad company in order to prevent fire to the time of the inspection. This is error. There was a continuing duty on the part of the defendant railroad company to take proper precautions to prevent the fire (the railroad itself having set out the fires on its right of way near the mill property) as long as it allowed the fire to remain there. It should have been diligent to prevent the fire, not only up to the inspection, but throughout the continuance of the fires which it had so set out. The latter part of the instruction is also erroneous in not predicating the existence of contributory negligence on the part of Brister & Co. upon their knowledge that there was any danger to be guarded against. The instruction assumes that there was no danger for which the defendant was liable after the inspection, which is not the law. The danger might have arisen later, against which it was the duty of the defendant to guard; and it then proceeds to charge the plaintiffs with contributory negligence, without laying down any qualifications as to the necessity of knowledge on the part of the plaintiffs of any danger to be guarded against.

It is impossible to sustain this verdict on the face of these charges.

*The judgment is reversed and the cause remanded.*