BENJAMIN E. BRISTER ET AL. *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

[40 South. Rep., 325.]

EVIDENCE. *Circumstances. Instructions.*

In a civil case it is error to instruct the jury that circumstantial evidence is insufficient to support a verdict, unless it excludes every other hypothesis than the truth of the finding.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Brister and another, partners in business under the firm name of Brister & Co., the appellants, were plaintiffs in the court below; the railroad company was defendant there. From a

judgment in defendant's favor the plaintiffs appealed to the supreme court.

Brister and others, plaintiffs, owned a large saw and planing mill, situate near the Illinois Central Railroad tracks at Bogue Chitto, Mississippi. The mill was about fifty feet from the main line, and there were some spur tracks and switch tracks next to the mill. On November 15, 1900, the mill was destroyed by fire. Brister & Co. had several fire insurance policies in different insurance companies, aggregating $13,000. The insurance companies paid Brister & Co. the amounts of their several policies and took an assignment of plaintiffs' claim against the railroad company for damages. The several insurance companies were usees in this suit against the railroad company to recover the value of the mill plant, it being charged that the fire was caused by the negligence of the employes of the railroad company. The case was once before in the supreme court and is reported. See *Brister* v. *Illinois, etc., R. R. Co.,* 84 Miss., 33 (s.c., 36 South. Rep., 142).

The sixth instruction given for defendant is as follows:

"(6) The court instructs the jury, for the defendant, that while circumstantial evidence is, in its nature capable of producing the highest degree of moral certainty, yet experience and authority both admonish that in its application the utmost caution and vigilance should be shown. Circumstantial evidence is always insufficient, when, assuming all to be true which the evidence tends to prove, some other hypothesis may still be true; for it is the actual exclusion of every other hypothesis which invests mere circumstances with the force of truth. Whenever, therefore, the evidence leaves it indifferent which of several hypotheses is true, or merely raises a finite probability in favor of one hypothesis over another, such evidence cannot amount to proof, however great the probability may be. Now, therefore, if all the evidence in this case leaves it uncertain in the minds of the jury as to whether the fire was caused by the negligence of

the defendant or its employes, then it is the sworn duty of the jury to return a verdict for the defendant."

*Green & Green,* and *Harris & Powell,* for appellant.

The instructions in this case are without any precedent or principle whereon they may be based. They are, all of them, erroneous, and we will consider them in reverse order.

The sixth instruction is rank. It is bristling with fatal errors and amounted in its effect to a peremptory instruction for the appellee, when this court has expressly held upon the former appeal that it would not disturb a verdict based upon the evidence introduced by the plaintiff. Wherein consider.:

"Circumstantial evidence is always insufficient, when assuming all to be true which the evidence tends to prove, some other hypothesis may still be true, for it is the actual exclusion of every other hypothesis which invest mere circumstances with the force of truth."

This is a criminal law instruction, and even as such it is erroneous under the decision of *Kendrick* v. *State,* 55 Miss., 436, where the instruction requested was: "3. If there be any hypothesis or supposition arising out of the testimony inconsistent with the guilt of the accused, the jury should find him not guilty," and being refused, it was assigned as error whereupon this court with this precise point before it said: "The third instruction asked by the defendant below was properly refused. It is not any hypothesis or supposition arising out of the testimony, inconsistent with the guilt of the accused, which makes it the duty of the jury to acquit him. It must be a reasonable one, sufficient to create a doubt of his guilt. Whart. Cr. Law, sec. 707."

This instruction is seen, in a criminal case, in its proper form in *Betty* v. *State,* 35 South. Rep., 213, where it was requested in this form and its refusal held error: "No. 8. In the application of circumstantial evidence to the determination of the case, the utmost caution and vigilance should be used. It is always insuf-

ficient when, assuming all to be proved which the evidence tends to prove, some other reasonable hypothesis, arising out of the evidence in the cause, than that sought to be established by the evidence may be true.     It is the result based on the exclusion of every other reasonable hypothesis arising and growing out of the evidence in the case than that sought to be established by it, that will authorize the jury to act upon it, and give the circumstances the force of truth in the particular case."

It is true that the learned counsel copied the words of this instruction verbatim out of George's Digest, and that the same were taken from opinion of this court, but counsel failed to notice what the court was passing upon when these words were used.     The cases cited are *Caleb's case,* 10 George, 721; *Pitt's case,* 43 Miss., 472, and as the leading case, *Algheri's case,* 3 Cush., 584.     But in all of these cases the question was as to the sufficiency of the evidence to support the finding of the jury— not an instruction to the jury when they were authorized to find the defendant guilty.     This is not any authority for the position that the instruction, when the question of fact is to be passed upon by the jury, shall not exclude every reasonable hypothesis arising out of the evidence.

In *Bowen* v. *State,* 37 South. Rep., 234 (Ala.), the instruction asked and refused and upon appeal assigned as error was: "If the conviction depends upon circumstantial evidence, it should be complete, and exclude to a moral certainty every hypothesis except that of the guilt of the defendant," and of this the court said: "The fourth charge was bad in using the word 'hypothesis' without qualifying it with the word 'reasonable' or its equivalent.     *Webb* v. *State,* 106 Ala., 52; *Bones* v. *State,* 117 Ala., 138."

This whole matter is learnedly discussed in a note by Judge FREEMAN, in 97 Am. St. Rep., 777: "The law requires no more than that every reasonable or rational hypothesis other than guilt be excluded, and does not demand that it be proved to the exclusion of every hypothesis, as that would be requiring proof beyond

the possibility of a doubt, which is greater than the law de-
mands," and this learned author has there collected divers cases
that support his position—in fact, we know of no case that even
squints at the too rigid and exacting rule that is enunciated in
this present instruction.

Were the rule that is here stated the law, it would be abso-
lutely impossible to prove anything by circumstantial evidence
—consider the full significance of the word—"actual exclusion
of every hypothesis, which invests mere circumstances with the
force of truth."

Such would be impossible of proof under circumstantial evi-
dence.    Consider exactly the same portion of the instruction,
and it was fatal error not to make the hypothesis arise or be
based upon the evidence.    In *Bowen* v. *State,* 37 South. Rep.
(Ala.), 233, it was held: "In a prosecution for murder, instruc-
tions that the evidence is insufficient to convict if it can be recon-
ciled with a theory that some other person than the defendant
may have done the killing, but not requiring such theory to be
based on the evidence, are erroneous."

Here is where the difference between the civil and criminal
law becomes most marked, for under the criminal code the pre--
sumption of innocence must be overcome beyond a reasonable
doubt, while in the civil code the jury must believe from a pre--
ponderance of the evidence that the thing to be proven has been
established.    In the criminal code the presumption of innocence
is affirmative evidence in favor of the accused, and the state has
to assume the burden and show beyond a reasonable doubt the
facts essential to convict; but as shown hereafter, there is no
such presumption in a civil case.

The only thing that is requisite is that there should be evi-
dence to support the finding, and this court has determined in
this very case that the plaintiffs had made such a case that if the
findings had been for them the court would not have reversed,
and yet no one ever contended, least of all the appellant now
that he had made out the case of negligence upon the part of the

defendant, "When assuming all to be true which the evidence tends to prove, some hypothesis may still be true, for it is the actual exclusion of every other hypothesis which invests mere circumstances with force of truth." This would amount to a demonstration—it would be more than showing it beyond all reasonable doubt—but further beyond all possible doubt, and this, too, whether that doubt arose from the evidence or was a mere speculation upon the part of a juryman without any evidence to support it, and without any plea whereon it should be based.

An instruction which requires that the jury should find for the defendant when there was no evidence whereon to base the finding, would be without the support of the law. Suppose the evidence—as is the fact—the jury had a right to assume from the evidence and to find for the plaintiff—as this court has held to be the case—then suppose one of the jurors had a hypothesis that the place was struck by lightning, or that it had been set on fire by some one; then under this instruction what would be the effect of this instruction which tells the jury that it would not be evidence until and unless there could not be any hypothesis, whether supported by the evidence or not, which may still be true, and that it was the actual exclusion of every other hypothesis, whether founded on the evidence in the case or not, which would invest circumstances with the force of truth. This is simply rank!

This is a criminal law instruction, and has no place in a civil case in this form. As to this the authorities are uniform and unanimous in favor of the appellant upon this point.

*Mayes & Longstreet,* for appellee.

We submit that while it may have been error on the part of the court below to give this instruction, yet, nevertheless, it is not reversible error. On the previous appeal, this court said that the evidence in the case was such as not to warrant the interfering with the verdict, whether rendered for plaintiffs or defend-

ants.   The evidence contained in the record on this second appeal is substantially the same, and the question is presented whether the court will a second time reverse the case on the ground of error in the instructions.   The fact that the court did so on the former appeal is no reason why it should do so on this appeal, for the reason that the erroneous instructions on the former appeal which led to the reversal were of a very different weight and nature· from the erroneous instructions in this instance.

The instruction complained of is nothing but an abstract instruction on the nature of circumstantial evidence.   No concrete application whatever is made of it.   It is not stated to the jury that it has any practical bearing on the case.   It does not conclude with any application, nor does it conclude with any direction to them that because of such instruction, or as a result of anything stated in it, they should find a verdict for the defendant.   The instruction may have been improper, but, at the worst, it is no more than an improper statement of an abstract principle of law which is not practically applied to the case.

We submit that it does not constitute reversible error in view of the fact that by the defendant's own instructions the jury are no less than three times directly and openly informed that their verdict is to ·be found on the preponderance of the evidence.

WHITFIELD, C. J., delivered the opinion of the court.

As we remarked when this case was here before (84 Miss., 33; 36 South. Rep., 142), it is one in which a verdict for either side would not be disturbed if there were no errors of law.   The giving of the sixth instruction for the defendant was manifest error.

*Reversed and remanded.*