HENRY C. REED v. YAZOO & MISSISSIPPI VALLEY RAILROAD . COMPANY.

[47 South. 670.]

1. RAILROADS. *Passengers. Suit for injury to. Contributory negligence. Evidence. Rule of company. Nonobservance. Instructions.*

In an action by a passenger against a railroad company for injuries caused by a collision while plaintiff was riding in the cupola of a caboose on a freight train, in violation of a rule of the company:—

(*a*) Evidence is admissible to show that the rule was unknown to the plaintiff and the public generally, and that it was not enforced, but that passengers were frequently allowed to so ride by conductors and trainmen; and

(*b*). A defendant's instruction to the effect that if plaintiff's occupancy of the cupola contributed "in any way whatsoever" to the injury he could not recover, although defendant was grossly negligent, was erroneous where it disregarded evidence tending to show that the injury was not due to plaintiff being in the cupola, and, aside from such evidence, because only contributory negligence proximately contributing to an injury will bar a recovery, and because plaintiff's contributory negligence will not excuse defendant's gross or wilful misconduct.

2. INSTRUCTIONS. *Duplicating.*

Where a requested instruction has already been substantially given its refusal is not error.

3. CROSS APPEAL. *Cross assignment of error. Must be seasonable.*

A cross appeal cannot be prosecuted nor cross assignment of error presented after the cause has been submitted on direct appeal.

FROM the circuit court of, first district, Coahoma county.

HON. SAMUEL C. COOK, Judge.

Reed, the appellant, was plaintiff in the court below; the railroad company, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court.

Appellant took passage on a caboose of a freight train of the appellee, paying the regular fare required of him for transportation. Soon after boarding the caboose, he climbed up into the cupola, set apart for the use of the train crew, having a sign over the door leading into it prohibiting passengers from riding there. This sign appellant did not see, and, notwithstanding the sign, the cupola was generally used by passengers, and the rule of the company prohibiting its use was generally disregarded. Appellant testified that the conductor at no time entered the cupola, but passed through the caboose, saw appellant seated in the cupola, and made no objection. While appellant was seated in the cupola and the train was under way, the train separated, or broke into two sections. The front section approached a station, and stopped, when the rear section, which was moving at a rapid rate of speed, collided with it with such violence as to demolish many of the cars, and to derail the caboose in which appellant was riding, injuring not only appellant, but every other passenger and employe who was in the caboose at the time; some of the passengers riding in that part of the caboose set apart for passengers being injured as seriously as was appellant. Appellant had his leg broken, and suffered other injuries of a serious nature. He sued for damages; the railroad company pleaded the general issue, and gave notice thereunder that it would defend on the ground of contributory negligence on the part of appellant in entering the cupola contrary to the rules of the company. The case was submitted to a jury on instructions of the court and a verdict for defendant returned. Among other errors assigned by the appellant are the refusal by the court to grant the second instruction asked

by him, and the granting of the seventeenth instruction asked by the railroad company. The opinion treats in detail the other errors assigned. The two instructions referred to are as follows:

Plaintiff's instruction No. 2. Refused. "The court instructs the jury that the 'contributory negligence' of the injured party will not shield a railroad company from liability for an injury inflicted upon a passenger by reason of negligence of the railroad's servants where their negligence is marked by gross or willful or reckless misconduct."

Defendant's instruction No. 17. Given. "If the jury believe from the evidence that the injury complained of resulted partly from the act of the plaintiff in voluntarily taking a seat and riding in the cupola of defendant company's caboose attached to the train on which he was a passenger, and partly due to the gross negligence of the defendant company or its employes, they must return a verdict in favor of the defendant."

*O. G. Johnston,* for appellant.

Counsel cited the following authorities: *Ky. Cent. R. Co. v. Thomas,* 79 Ky. 167, 42 Am. Rep. 208; *Jacobus v. St. Paul, etc., R. Co.,* 20 Minn. 134, 18 Am. Rep. 360; *Dickinson v. Railroad Co.,* 53 Mich. 44, 18 N. W. 553; 5 Am. & Eng. Ency. of Law (2d ed.), 648; *Chicago, M. & St. P. R. Co. v. Lowell,* 151 U. S. 209, 14 Sup. Ct. 281, 38 L. Ed. 131; *Jones v. Chicago, etc., R. Co.,* 43 Minn. 279, 45 N. W. 444; *N. Y., L. E. & W. R. Co. v. Ball,* 53 N. J. Law, 286, 21 Atl. 1052; *Sweetland v. Lynn, etc., R. Co.,* 177 Mass. 574, 59 N. E. 443, 51 L. R. A. 783.

*Mayes & Longstreet,* for appellee.

[The reporter has been unable to find the brief of counsel for the appellee, hence no part of its contents is given.]

WHITFIELD, C. J., delivered the opinion of the court.

So far as the alleged cross appeal and cross assignment of

errors are concerned, it is sufficient to say that, never having been filed until after the submission of this cause, they came too late for our consideration.

It is evident that there is fatal error in the record in several respects. We notice only those we deem essential. And first it was error not to permit the witness Thompson to testify that the rule as alleged was unknown to the public generally, and that as no such rule was ever enforced, as a matter of fact, the the public generally occupied the cupolas of these cabooses on freight trains at will with the full knowledge of trainmen and conductors of such trains (see *White v. Railroad,* 72 Miss. 12, 16 South. 248), and on this point the court refused instruction No. 9, asked by the appellant, which is as follows: "The court instructs the jury that the law recognizes the right of a railroad company to make and enforce reasonable rules, assigning to passengers the places in which passengers shall ride, but that a railroad company after making such a rule may waive or abandon it and treat passengers as if such a rule did not exist, and may lead them to believe that the rule is no longer in force, and, if a railroad company does this, it cannot set up the rule to defeat the rightful claims of passengers who have acted in the well-warranted belief that the rule is not in force." See, also, the authorities referred to in the very able brief of counsel for appellant in this action.

The fourteenth instruction given for the appellee is also fatally erroneous in telling the jury that "if the jury believe that at the time of the accident complained of the said plaintiff was so occupying a seat in said cupola of said caboose, and that his act in so occupying the said cupola contributed in any way whatsoever to the accident complained of by him, they should find for the defendant, notwithstanding they might believe that the defendant was guilty of gross negligence, and that but for such gross negligence the accident would not have occurred." This part of the instruction is erroneous for two reasons: In the first place, it is not true that any negligence of the plaintiff con-

tributing "in any way whatsoever" to the accident would defeat a recovery. It is not any and all negligence which amounts to contributory negligence. It is such negligence only as contributes proximately to produce the injury that would bar a recovery. It is not negligence, however, remote in kind or degree which constitutes contributory negligence. It must be such negligence as proximately contributes to produce the injury. This part of the instruction is erroneous also because there was evidence in the case to show that the injury was not due to plaintiff being in the cupola. Two other persons, not sittting in the cupola, were injured, and one, a negro, seriously. The jury might have believed on the testimony that being in the cupola was not the cause of the injury and did not contribute as the proximate cause of the injury. The hypercriticism of this instruction, because of the misuse of the word "caboose" for "cupola," we do not, of course, notice. That was a mere clerical error. There is nothing in the instruction qualifying it so as to present to the jury the proposition that, being in the cupola, would not defeat recovery, unless so being there was the proximate cause of the injury.

Instruction No. 2, refused to the plaintiff, is a correct proposition, but seems to have been recovered by the instructions which were given.

The eighth instruction given for the appellee is also fatally erroneous. It is in the following words: "The court instructs the jury that although they may believe from a preponderance of the evidence that the defendant was guilty of gross negligence, which contributed in part to the accident complained of, yet, if they further believe from the evidence that the plaintiff was likewise guilty of any want of ordinary care or negligence which contributed in whole or in part to the accident complained of, a verdict in favor of the defendant must be returned." It amounted to telling the jury that, though they might believe from the evidence that the defendant was guilty of gross and willful negligence, yet if the plaintiff was guilty

of only the least degree of negligence contributing in part to the injury, in however slight degree, contributing proximately or not, essential or nonessential, they should find for the defendant.

Instruction No. 10, for the appellee, is in the following words, and is manifestly erroneous for the same reason: "If the jury believe from the evidence that the plaintiff was guilty of any want of care, caution, and prudence, and that such want of care, caution, or prudence on his part concurred with the gross negligence of the defendant in causing the accident complained of, he cannot recover, and a verdict in favor of the defendant must be returned."

Neither the eighth instruction for the appellee nor the tenth contains a qualification that negligence on the part of the plaintiff which would bar recovery must contribute proximately in producing the injury. The case of *Brister v. Railroad Co.,* 84 Miss. 33, 36 South. 142, condemns both of these instructions.

The seventeenth instruction for the appellee is for the same reasons fatally erroneous. Indeed, this instruction assumed that riding in the cupola was dangerous, and that such riding in the cupola was the proximate cause of the injury, in the face of much testimony in the record to the contrary. We notice no other errors than those we have pointed out.

The judgment is reversed, and the case remanded.

*Reversed.*